IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BOBBY WALKER, JR.**                                                             **PETITIONER**

v.                                                           **CAUSE NO. 1:21CV26-LG-JCG**

**STATE OF MISSISSIPPI, et al.**                                        **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Petitioner Bobby Walker, Jr., filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. He is a pretrial detainee at the Jackson County Adult Detention Center, and he challenges the revocation of his bond. The Court has considered and liberally construed the pleadings. The case is dismissed.

## DISCUSSION

On November 4, 2020, Walker filed the instant Petition.[1] He alleges that his pretrial bond was illegally revoked, in part because of allegedly unfair bail conditions. He asks this Court to release him, reinstate his bond, and to modify the conditions of his bond.

Walker can bring certain pretrial federal habeas claims only if he has exhausted the claims in State court. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987). This gives "the State the 'opportunity to pass upon and correct'

---

[1] This action was originally filed in *Walker v. Mississippi*, civil action number 1:20cv338. Because the Complaint contained both 42 U.S.C. § 1983 and habeas claims, the habeas claims were severed and opened in the instant action on January 26, 2021.

alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).   According to the Fifth Circuit Court of Appeals:

> [A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225.   In order to exhaust his claim for habeas relief, he is required to seek relief from the highest court of the State.   *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999).   *See D.D. v. White*, 650 F.2d 749, 750 (5th Cir. 1981).

Walker admits that he has not sought relief from any appellate court. Because the habeas claims are not exhausted, they will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be, and is hereby, **DISMISSED WITHOUT PREJUDICE**.   A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 9th day of March, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE